KAIA ET AL. *vs.* KAMAILE AND KALEO.

ON EXCEPTIONS FROM THE SECOND CIRCUIT.

THE EVIDENCE showed that the parties plaintiff and defendant were co-heirs and tenants in common, and that the plaintiffs had never been ousted by the defendants; the Court charged the jury that if they so found, the Statute of Limitations would not run against the plaintiffs; the jury rendered a verdict for the defendants for the whole estate; the trial Court set aside the verdict and ordered judgment for plaintiffs for one-half of the estate, *non obstante veredicto ;*

HELD, no error, as the evidence was conclusive that there had been no ouster and that the plaintiffs were co-heirs.

Opinion of the Court by HARRIS, C. J.

This was an act of ejectment tried at the June Term of the Second Judicial Circuit at Wailuku.

The defendants claimed at the trial that they were heirs to the person last seized, and further, that they had been in possession of the whole land for more than twenty years; the plaintiff having claimed an undivided half in the land by right of inheritance. The testimony on both sides was clear with regard to the right of inheritance of both parties, and although there was evidence that the defendants had lived on the land a long time, there was a discrepancy regarding the time at which the widow of the patentee, who occupied the land after his death, deceased. Some testified that she died about 1855, and others about 1865. But all the testimony was that the

parties, plaintiff and defendants, were co-heirs; and there was no testimony whatsoever that the party plaintiff had ever been ousted by the party defendant, simply that the defendants had been allowed to live on the land. Under these circumstances the Court instructed the jury that if the evidence showed that the plaintiffs had been tenants in common with the defendants and those under whom they claimed, and there had been no ouster, the possession of the defendants would be the possession of the plaintiffs, and prescription would not be applicable to the case.

The jury, notwithstanding the instructions of the Court, returned a verdict for the defendants for the whole land.

And the Court on motion ordered a judgment to be entered for the plaintiff for one-half of the land *non obstante veredicto*, because by the whole showing of the case it was evident that the defendants had not ousted the plaintiffs.

This is undoubtedly a proper judgment, for a judgment *non obstante veredicto* is a proper judgment whenever on a review of the whole case, in any view of it, the defendants' claim has no merits.

It is said at the hearing that no such result can be made from the records of this case.

The whole testimony is before us, and by it it appears that no attempt was made to show an ouster or to show that the plaintiffs were not co-heirs, and therefore tenants in common. This is equivalent to a confession that they could not show these two essential facts, and consequently is equivalent to an admission that the defendants are in the wrong, and no new trial could result to the advantage of the defendants.

Therefore the judgment for the plaintiffs *non obstante veredicto* was correct.

S. B. Dole for plaintiffs.

A. S. Hartwell for defendants.

Honolulu, October 14, 1880.