## IN RE ESTATE OF KAMAKA, (k).

### EXCEPTIONS.

HEARING, SEPTEMBER 18, 1893. DECISION, NOVEMBER 13, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The question submitted to the jury was, "Is the proposed will a good and valid will in law ?" The contestants claim that the signature of one of the subscribing witnesses was a forgery. The verdict was for the contestants. The proponents moved for a judgment *non obstante veredicto.*

Held, This is not a case of confession and avoidance, and does not come within the class of cases where such a judgment can be given.

OPINION OF THE COURT, BY BICKERTON, J.

(JUDD, C.J., DISSENTING.)

This cause came on for trial at the June Term, 1893, of the Circuit Court of the Second Circuit, and resulted in a verdict for the contestants. The proponents then and there made the following motion: "And now comes W. B. Keanu, proponent of the will in the above entitled cause and moves that the verdict of the jury rendered herein this June 14th, 1893, in favor of the contestants be set aside, and a judgment be ordered for the proponents *non obstante veredicto* on the ground that the said verdict was contrary to the law and the evidence." On the next day the Court heard argument on the motion and overruled the same, to which ruling the proponents excepted, and the matter now comes here on a duly allowed bill of exceptions.

This is the second trial of the case, it having been tried at the June term, 1892, of the Second Circuit Court, and resulted in the same verdict as this trial did, but on a motion.

for a new trial on the ground that the verdict was contrary to the law and the evidence, the verdict was set aside and a new trial ordered.

On an examination of the evidence adduced at the last trial we do not see that it varies at all from the evidence in the first trial. There is no motion here for a new trial and no notice given of such a motion. The rule is: "An exception to the verdict as being contrary to the law and the evidence, or the weight of evidence, and a notice of a motion for a new trial on this ground must be made at the time of the rendition of the verdict, and before the jury are discharged, and noted by the clerk on his minutes."

Rule 15A, Rules of Circuit Courts, p. 4.

In this case the proponent simply moved the Court for a judgment *non obstante veredicto*, and the only question for us to consider is, did the lower Court err in refusing to grant the motion.

"Judgment *non obstante veredicto* is a judgment rendered in favor of the plaintiff notwithstanding the verdict for the defendant (which can only be made by plaintiff) when upon an examination of the whole proceedings it appears to the Court that the defendant has admitted himself to be in the wrong, and that the issue, though decided in his favor by the jury, is on a point which does not at all better his case."

Smith, Actions, 161, (Bouvier's Law Dict. Vol. 1, p. 761.)

"The judgment *non obstante veredicto*. This is rendered when the plea confesses a cause of action and the matter relied upon in avoidance is insufficient although found true, to constitute a defense or a bar to the action. This judgment can be entered only on the application of the plaintiff made after the verdict and before the entry of judgment thereon."

Freeman on Judgments, p. 7, and numerous cases there cited.

"Judgment *non obstante veredicto* can be entered only after the verdict and before the entry of judgment thereon and upon the application of the plaintiff when the plea confesses

a cause of action and relies upon matter in avoidance which is insufficient although found true to constitute either a defense or a bar to the action."

Am. & Eng. Encyc. of Law, Vol. 12, p. 79.

In Black on Judgments, Section 16, a number of examples are given where this judgment may be given. One is: "A plea of tender of rent after the date of its falling due is insufficient, and after a verdict on such plea in favor of defendant the plaintiff is entitled to judgment *non obstante veredicto*. But in order that this judgment may be given, it is essential that the plea should distinctly imply an admission of the plaintiff's right or title."

*Dewey vs. David Humphrey*, 5 Pick., 187, and a large number of cases there cited.

See also Tidd's Pract., 920.

Unlimited citations might be made on this question in support of the above authorities. By the practice of our Courts judgment *non obstante veredicto* has been entered for the defendant as well as for the plaintiff, and on the evidence as well as on the pleadings; but the rule that such judgment can only be entered when the material facts are undisputed has been adhered to. We cannot find any of the elements of confession and avoidance in the case at bar. The question submitted to the jury was, "Is the proposed will of Kamaka (k) a good and valid will in law?" and the contestants claimed that it was not, for the reason that the signature of Nika (k), one of the subscribing witnesses to the will, was a forgery, he not being able to write. To make this will valid it was necessary that it should be witnessed by "two or more competent witnesses subscribing their names to the will in the presence of the testator."

Sec. 1465, Compiled Laws, p. 479.

There were two signatures of attesting witnesses to the will in question, one of which the jury must have found to be a forgery. We cannot say that the evidence sustains this finding, on the contrary the will bears on its face all the evidence of being genuine, and the testimony strongly

supports this. And we are of opinion, as we were on the first trial, that the verdict was contrary to law and the evidence, but the proponent's counsel, Mr. John Richardson, in the Circuit Court, not having moved for a new trial, we cannot now consider this; we are confined to the exception certified up, viz., Did the lower court err in overruling the motion for a judgment *non obstante veredicto*. We cannot find that there was any error. The case at bar most certainly cannot be made to come into the class of cases where such a judgment may be given. This is one of those cases where it would seem that an injustice has been done, but we are helpless to remedy it, for the necessary steps have not been taken to enable us to do so.

The exceptions are overruled.

*C. Creighton*, for proponent, appellant.

*A. Rosa*, for contestants.

### DISSENTING OPINION OF JUDD, C. J.

I am unable to agree with my brethren in this case. I admit that a judgment against the verdict (*non obstante veredicto*) is allowable by the common law "where the plea to the declaration confesses a cause of action in the plaintiff and sets up matter in avoidance, and such matter, though found true by the verdict of the jury, is insufficient in law to constitute a bar or defense to the action, and the Court will enter a judgment for the plaintiff *non obstante veredicto*." 1 Black on Judgments, Section 16. The reasoning is that if the plea is bad in law, though the jury find it true in fact, it does not entitle the defendant to judgment, and, as he by his plea confesses the plaintiff's case and sets up new matter in avoidance, which, being bad in law, the plaintiff is entitled to judgment. The judgment against the verdict is by the common law on the pleadings alone. But we have in this country departed from the common law and established a different procedure. The first case in our Court that I find where a judgment *non obstante veredicto* is mentioned, is

*Emma Kaleleonalani vs. Hoopiopio et al.*, 3 Haw., 682 (1876.)
The bill of exceptions shows that certain exceptions were
taken and allowed to the admission of certain evidence, and
also that the verdict rendered was not sustained by law or
evidence. There was no motion for a new trial. The
Court, per Harris, J., say : "We are asked to enter judgment
for the plaintiff *non obstante veredicto.*" After discussing the
evidence offered by the defense, they say : " We must decline
to enter judgment for the plaintiff, but do order a new trial."
It is evident from this case that the Court would not have
hesitated to enter judgment for the plaintiff if the evidence
had justified it. This was not on consideration of the plead-
ings, but of the evidence. In *Kaia vs. Kamaile*, (1880) 4
Haw., 352, the case was ejectment. The jury rendered a
verdict for defendant for the whole estate. The evidence
showed that the parties were tenants in common, and there
had been no ouster. The Court, on motion, ordered a judg-
ment to be entered for plaintiff for one-half of the land, *non
obstante veredicto.* The Court, per Harris, C. J., say, "This
is undoubtedly a proper judgment, for a judgment *non
obstante veredicto* is a proper judgment whenever on a review
of the whole case, in any view of it the defendant's claim has
no merits."

In *Agnew vs. McWayne*, 4 Haw., 422, the action was to
recover from a stakeholder the amount of a bet on a horse
race. The trial Judge instructed the jury to find for the
plaintiff, but they found for the defendant. The Court in
banco say, per McCully, J., " As the verdict was expressly
contrary to the law so given and to the uncontested facts, we
are of opinion that the Court was right in setting aside the
verdict, and as there was no question upon the fact that the
defendant held the plaintiff's deposit at the date of the
demand, we are of opinion that it was proper to order judgment
for the plaintiff, *non obstante veredicto.* Cui bono another
trial? There is nothing for the jury to consider and pass
upon under the facts and the law as we find it."

Thus far the cases ordered a judgment for the plaintiff.

In *Makea vs. Nalua*, and *Kahiuka vs. Hobron*, 4 Haw., 227, the Court, per Harris, C. J., ordered a judgment for the defendant, *non obstante veredicto.* Here the Court found that the relationship proven by plaintiff to the person last seized of the land was not within the statute of descent. The jury rendered a verdict for the plaintiff to which the defendant excepted, and moved for judgment in his favor *non obstante veredicto* which was granted. So also in *Lewis' Adm. vs. Life Ins. Co.*, 4 Haw., 377, the Court, per McCully, J., say, " As a verdict for the defendant is the only one that would be authorized upon the law and the undisputed facts of this case, we think the proper course now is to order judgment for the defendant *non obstante veredicto*, and it is so ordered." Here the plaintiff's intestate had warranted that at the time his life insurance policy was taken out, he was in good health, and had no serious disease. He had a disease then which occasioned his death in twelve days thereafter. Held, a breach of the warranty, and so plaintiff could not recover. There are five cases of a similar character in 5 Haw. The first is *Mahukaliilii vs. Hobron*, id., 106. The Court here reversed a judgment for defendant which had been rendered by a Justice in a jury waived case, and ordered a judgment for plaintiff.

On page 371, *Mokuhia vs. McCandless*, on a question reserved, the verdict being for plaintiff, the Court, per Judd, C. J., ordered judgment for defendant *non obstante veredicto.*

On page 491, in *Kauhikoa vs. Hobron et al.*, the Court, per Preston, J., ordered the verdict set aside and judgment entered for defendants. The ground was that as defendants held the land as devisees by virtue of the adverse possession of their testator and two others, the defendants' testator being the survivor of joint disseizors, they were solely entitled to the land. In *Rickard vs. Couto*, id. 507, the lower court had ordered a defendant, a contract laborer, back to service of plaintiff, the Court, per Judd, C.J., reversed the judgment and ordered judgment for defendant. The last case reported is *Kalua vs. Selig*, id. 656, where the Court say, " We are of opinion that the trial Justice might

properly have ordered, if asked, judgment *non obstante veredicto.*"

I think it is clearly settled by the cases above quoted that this Court has exercised the authority to set aside verdicts and order judgments either for plaintiff or defendant, according as the uncontested facts of the case show them to be entitled to judgment.

I admit that in the case before us a judgment for the proponent of the will, notwithstanding the verdict for the contestant, would hardly be justified because the question whether the alleged subscribing witness, Nika, wrote his name to the will was disputed and the contestant might on another trial produce further evidence establishing his case. But I can see no reason why this Court cannot order a new trial. The verdict is admittedly contrary to the evidence adduced. And the evidence on behalf of the contestant that Nika did not sign his name to the will because these witnesses thought he could not write and never knew him to write his name, does not disprove the positive testimony of those who saw him write it, and of the intrinsic evidence afforded by the will itself. The counsel for the proponent excepted to the verdict as contrary to the evidence, and moved for judgment *non obstante veredicto.* It is contended that he should have moved for a new trial, and because he did not, but moved for what was not granted, he has no remedy and this unjust verdict must stand. The Circuit Judge refused his motion for judgment notwithstanding the verdict, which was based upon his exception to the verdict as being contrary to the evidence. Exceptions were allowed to this refusal. I am unable to see why this does not bring up to this Court the question whether the verdict was sustained by the evidence. If we find that the verdict was erroneous we have the authority to either, if the case warrants it, order judgment for the proponent notwithstanding the verdict, or to order a new trial. Section 77 of the Act to Reorganize the Judiciary provides for this. "When judgment has been entered in any case in which exceptions

have been allowed, the judgment may be vacated by the Supreme Court without any writ of error in like manner as if it had been entered by mistake, and thereupon such *further proceedings shall be had in the cause as to law and justice shall appertain.*" This is a reenactment of Sec. 839 of the Civil Code.

Exceptions were allowed in this case and I think it proper procedure to vacate the judgment, presumably entered for the contestants, and order a new trial. If an exception to the verdict as contrary to the evidence is sustained, it would follow that the verdict must be set aside, and it depends upon the view of the Court upon the evidence whether a new trial shall be ordered or whether a different judgment shall be ordered.

In short, an exception brought here to the denying of the motion for judgment notwithstanding the verdict raises, as I think, the question upon which the motion was founded—whether the verdict ought to stand—and the statute above quoted authorizes us to order such further proceedings as to law and justice shall appertain, which I think should be a new trial.

The supervision by the Court of the verdicts of juries is in my opinion a wholesome exercise of power, and is conducive to the public welfare.