## L. H. DEE *v.* J. F. MORGAN.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 7, 1897.          DECIDED FEB. 19, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

Judgment *non obstante veredicto* may, under our practice, be entered for the defendant as well as for the plaintiff, and on the evidence as well as on the pleadings, where the material facts are undisputed.

In mutual accounts the balance only is the debt due.

OPINION OF THE COURT BY FREAR, J.

Dee and Morgan being partners in business, Dee, in consideration of the payment by Morgan of "all outstanding liabilities and debts owed and contracted in the purchase of goods and carrying on the business," and for other considerations, sold out his interest to Morgan, "reserving and excepting however all outstanding book accounts or debts due" the partnership. At that time Macfarlane & Co., a corporation, owed the partnership $217.75 and the partnership owed Macfarlane & Co. $206.95, on mutual accounts. Dee, claiming that he was entitled to the $217.75, and that Morgan should pay the $206.95, under the terms of their agreement above set forth, endeavored to collect the $217.75, but upon Macfarlane & Co's refusing to pay any thing but the balance, he accepted this, $10.80, and exchanged receipts with Macfarlane & Co. for the rest of the accounts,

the receipt of the latter containing a statement that the $206.95 was paid by Dee under protest and that he claimed that Morgan should pay it. Dee then brought this action against Morgan for the $206.95 as money paid by him for Morgan, he being obliged as a partner to pay the same. At the trial in the Circuit Court, on plaintiff's appeal from the District Court, the Court charged the jury in substance that upon a running account with mutual debits and credits the balance only was the debt, and that the "debts" and "book accounts" reserved to Dee under the agreement covered, so far as the accounts in question were concerned, only the balance due. The jury however returned a verdict for the plaintiff, whereupon the court, upon a motion to that effect by defendant's counsel, set aside the verdict and ordered judgment *non obstante veredicto*, and the question raised on these exceptions is whether this was error.

That judgment *non obstante veredicto* may be entered for the defendant as well as for the plaintiff and on the evidence as well as on the pleadings, where the material facts are undisputed, is well settled by former decisions of this court. See the opinion of the court in *Estate of Kamaka*, 9 Haw. 245, and the cases reviewed in the dissenting opinion in that case.

The instruction of the court that the balance only is the debt due in the case of mutual accounts is correct. *Green v. Disbrow*, 79 N. Y. 1, and cases there cited. The "debts due," reserved to Dee, included, therefore, so far as the accounts in question are concerned, only the balance, $10.80, if the accounts were mutual. That the accounts were mutual is shown by the testimony of the plaintiff's own witness, the Treasurer of Macfarlane & Co., and there is no evidence to the contrary.

There was therefore no error in ordering judgment *non obstante veredicto*, and the exceptions are overruled.

*G. A. Davis*, for plaintiff.

*C. Brown*, for defendant.