FARISH CARTER, PLAINTIFF IN ERROR, *v.* ARCHIBALD T. BENNETT.

A person was sued in the Territorial court of Florida.

After the admission of Florida as a State, the case was transferred to a State court.

The defendant appeared, and pleaded the general issue.

The verdict was given against him.

He then moved in arrest of judgment, upon the ground that the case ought to have been transferred to the District Court of the United States, instead of a State court.

The motion was overruled, and judgment entered up against him.

Upon an appeal to the Supreme Court of Florida, this judgment was affirmed.

This court has no jurisdiction under the 25th section of the judicary act, to review that decision.

What the State court decided, was the motion in arrest of judgment, where the record only is examined, and no new evidence admitted. There was nothing in the pleadings to show that the defendant was a citizen of Georgia, and no defect of jurisdiction was apparent.

The defendant might have pleaded in abatement, that he was a citizen of Georgia, but not having done so, it was two late to introduce the matter upon a motion in arrest of judgment.

As it does not appear, therefore, that the Supreme Court of the State must have decided adversely to the party now claiming the interposition of this court, and decided so upon the construction of an act of Congress, the writ of error must be dismissed for want of jurisdiction.

THIS case was brought up from the Supreme Court of the State of Florida, by a writ of error issued under the 25th section of the judiciary act.

The case is set forth in the opinion of the court.

*Mr. Davis* made a motion to dismiss it, for want of jurisdiction, which motion was resisted by *Mr. Johnson.*

Mr. Chief Justice TANEY delivered the opinion of the court.

This case comes before us upon a writ of error directed to the Supreme Court of the State of Florida; and a motion has been made to dismiss it for want of jurisdiction.

The suit was brought by Bennett, the defendant in error, against Carter, the plaintiff in error, in December, 1842, while Florida was yet a territory, and was continued from term to term, until she was admitted into the Union as a State. The action was trover for certain property. The declaration was in the usual form, and the defendant pleaded the general issue of not guilty. After Florida became a State, and the territorial court, in which the suit was pending, ceased to exist, the papers were transmitted by the clerk to the Circuit Court of the State for the same county.

The plaintiff and defendant both appeared in the Circuit Court, and the case was continued until December, 1848, when the parties proceeded to trial — and the jury found for the defendant in error, and assessed his damages at $19,999.66.

Several exceptions were taken to the rulings of the court on the trial, which it is not necessary to mention, because they relate to the laws of the State, over which this court can exercise no jurisdiction upon this writ of error. After the verdict was rendered against him, the plaintiff in error, moved for a new trial. But the motion was overruled by the court. He thereupon offered to prove that he was a citizen of Georgia at the time the suit was instituted in the territorial court, and had continued to be so, and still was a citizen of that State. And this fact being admitted by the opposite party, he moved in arrest of judgment, and that the case be dismissed from the court, with an order to the clerk to transfer the papers to the District Court of the United States for the Northern District of Florida, or hold the papers and proceedings subject to any order of transfer or demand from the said court.

This motion was refused, and judgment entered on the verdict. Whereupon he appealed to the Supreme Court of the State; and the judgment of the Circuit Court being there affirmed, he has brought the case before this court by writ of error.

In support of this writ the plaintiff in error contends, that as he was a citizen of Georgia at the time the suit was brought in the territorial court, and also when the act of Congress of February 22d, 1847, was passed, the suit was, by operation of that law, transferred to the District Court of the United States for the Northern District of Florida, and that the Circuit Court of the State had no right to take possession of the papers in the case, nor any authority to try and decide it; and that, by moving in arrest of judgment upon this ground, he had claimed a right under a law of the United States; and that, as the decision was against the right claimed, he is entitled to a writ of error under the 25th section of the act of 1789.

Upon this motion to dismiss the writ of error, the construction of the act of Congress of 1847 is not before us. In this stage of the case we are not called on to decide whether this act of Congress did or did not, *proprio vigore*, transfer the case to the District Court of the United States. The only question presented by the motion is, whether, upon the record before us, we have a right to reverse the judgment of the State Court. And in order to give this court jurisdiction over the judgment of the State court, it must appear by the record that the right now claimed by the plaintiff in error, to remove the case to the District Court of the United States, was so drawn in question in the State court, that it must have been decided in the judgment it has given.

Now, there is nothing in the pleadings to show that Carter was a citizen of Georgia. It is not so stated in the declaration or plea. And when the papers were transmitted to the State court, he appeared there and defended himself upon the plea of the general issue, which he had put in, in the territorial court. This plea admitted the jurisdiction of the court; and the case was tried and the verdict rendered upon these pleadings. And upon a motion in arrest of judgment the court cannot look beyond the record; and the judgment cannot be arrested, unless there is some error in law or defect of jurisdiction apparent in the proceedings. And here there was no error or defect of jurisdiction apparent on the record, even if the construction of the act of 1847, contended for by the plaintiff in error, is the true one. Both parties, by their pleadings, admitted the jurisdiction of the court; and there was no averment, in any part of them, that Carter was a citizen of Georgia. And after a verdict is rendered. the judgment cannot be arrested by the introduction

of new evidence on a new fact. It may, in a proper case, lay the foundation of a motion for a new trial, but not in arrest of judgment.

It is evident, therefore, that the State court, in proceeding to give judgment on the verdict, could not legally have decided upon the validity of the plaintiff's objection to its jurisdiction. They could not hear evidence, in that stage of the case, to prove that Carter was a citizen of Georgia, nor judicially notice it when admitted by the opposite party. And we are bound to presume that they proceeded to judgment on this ground, and did not consider the right claimed by the plaintiff in error as properly before them.

In an action in a circuit court of the United States, where the jurisdiction depends upon the citizenship of the parties, it has always been held, that where the plaintiff avers in his declaration that he and the defendant are citizens of different States, if the defendant means to deny the fact and the jurisdiction, he must plead it in abatement; and if he omits to plead it in abatement, and pleads in bar to the action, he cannot avail himself of the objection at the trial. Still less could he be permitted to do so upon a motion in arrest of judgment. And the same principles which this court sanction in such cases in the courts of the United States, upon questions of jurisdiction depending upon personal privilege, we are bound to apply to the proceedings in the State court.

Undoubtedly it was in the power of the plaintiff in error, when he appeared to the suit in the Circuit Court of the State, to have pleaded to the jurisdiction, upon the ground that he was a citizen of Georgia. Whether such a plea could have been maintained or not, it is not necessary for us to say. But it would have brought before the court the construction of the act of 1847, and it must have been judicially decided. And if the decision had been against the right he claimed under it, this court would have had jurisdiction to hear and determine that question. But upon the record, as it comes before us, it does not appear that this question was ever presented to the State court in a manner that would enable it judicially to notice or decide it. And the writ of error must therefore be dismissed for want of jurisdiction.

## *Order.*

This cause came on to be heard on the transcript of the record from the Supreme Court of the State of Florida, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that this cause be, and the same is hereby, dismissed, for the want of jurisdiction.