*W. A. Woods* and *I. W. Irwin,* for appellee.

————————◆————————

STRAUGHAN *v.* THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY.

CONTRACT.—*Statute of Frauds.*—Suit on the following instrument: "Ten days after the completion of the Indianapolis and St. Louis Railroad from Indianapolis to the west line of Hendricks county, and the running of a train of cars thereon, I promise to pay to the order of said railroad company, at the First National Bank of Danville, Ind., the sum of one hundred dollars, without any relief whatever from valuation or appraisement laws. The consideration of this note is the construction of said road as aforesaid, within one-half mile of the town of Danville, and the promise and agreement of said company that by means of said road and its connections, the company will run trains through from Indianapolis to East St. Louis, within two years from the first day of January, 1869;" dated November 25th, 1868, and signed by the defendant. There was an averment in the complaint of performance within the time and in the manner mentioned.

*Held,* that the contract, being capable of performance within one year, was not within the statute of frauds.

*Held,* also, that if the contract had originally been within the statute, and therefore not binding on the plaintiff, yet after performance by the company, the maker could not defend on the ground that he alone had signed the instrument.

APPEAL from the Hendricks Circuit Court.

DOWNEY, J.—The appellee sued the appellant on the following instrument of writing: "Ten days after the completion of the Indianapolis and St. Louis Railroad from

Indianapolis to the west line of Hendricks county, and the running of a train of cars thereon, I promise to pay to the order of said railroad company, at the First National Bank of Danville, Ind., the sum of one hundred dollars, without any relief whatever from valuation or appraisement laws. The consideration of said note is the construction of said road, as aforesaid, within one-half mile of the town of Danville, and the promise and agreement of said company that, by means of said road and its connections, the company will run trains through from Indianapolis to East St. Louis within two years from the first day of January, 1869.

"Witness my hand, this 25th day of November, 1868.

"E. H. STRAUGHAN."

Performance of the condition within the time and in the manner provided for in the instrument, by the railroad company, is alleged in the complaint.

The defendant demurred to the complaint, because it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and the defendant excepted. He then answered, that at the time of the execution of the writing in the complaint mentioned, there was no valuable consideration therefor given by the plaintiff to the defendant, and no binding promise and agreement entered into by said plaintiff, to and with said defendant, to perform the stipulations and conditions therein mentioned, nor did said company become bound to construct said road and run trains thereon; but he says that said writing was solely executed to said plaintiff as a conditional executory donation or gift, without any obligatory undertaking on the part of said plaintiff to do or perform anything whatever in return; wherefore, etc.

The plaintiff demurred to this answer, on the ground that it did not state facts sufficient to constitute a defence to the action. His demurrer was sustained; the defendant again excepted; final judgment was rendered for the plaintiff, and the defendant appealed to this court.

The errors assigned here are, first, the overruling of the

Straughan *v.* The Indianapolis and St. Louis Railroad Company.

demurrer to the complaint; and, second, the sustaining of the demurrer to the answer.

The position of counsel for the appellant, as stated in his brief, is as follows :

"The writing sued on in this case is not a promissory note. It is payable on conditions, and on a contingency which may never happen. A promissory note must be for the payment of money at a fixed time, or on some event which must necessarily happen, and must be payable absolutely, and at all events, and not subject to any condition or contingency. It is true that such an instrument in writing is now, by statute, assignable, so as to enable the assignee to sue in his own name; but the inherent quality of the instrument is not changed from the rule at common law. Besides, the instrument of writing in this case attempts to set out a contract or consideration for the promise of the defendant, and must be regarded, not as a promissory note, but as an unilateral instrument of writing, and to be construed by the law applicable to such writings, and not by the law governing promissory notes. The question then arises, whether this is a valid, binding contract, or not; and does it show, in legal contemplation, a valuable consideration on its face? Is it a contract? It is deficient, as such, for want of mutuality. The supposed promise and agreement of the plaintiff, to construct said road and run trains through to East St. Louis, was not, and is not, binding on the company. The plaintiff did not sign or execute said writing; nor is there anything in the complaint showing that the company assented to or accepted its terms. A promise is not a consideration for a promise, unless there is an absolute mutuality of engagement, so that each party has the right at once to hold the other to a positive agreement."

There are two classes of promissory notes in this State. Those payable to order or bearer in a bank in this State constitute one class, and they are negotiable as inland bills of exchange. 1 G. & H. 450, sec. 6. The other class of notes are those which are not embraced in the first class,

and they are not governed by the law merchant, and are consequently not negotiable as bills of exchange, but they are, notwithstanding, negotiable by indorsement.  1 G. & H. 447, sec. 1.

It seems to us that it is not very material, or perhaps not at all material, whether the instrument which is the foundation of this suit belongs to the one or the other of these classes of promissory notes, or whether it is a promissory note at all.  It is an agreement on the part of the defendant to pay a sum of money upon the performance of certain acts by the railroad company, and the company alleges performance on its part of the acts to be done.  The main ground of objection to the complaint and in support of the answer is, that the agreement was not binding on the railroad company, and therefore, for want of mutuality of obligation, was not binding on the defendant.  We think the instrument does show an agreement on the part of the railroad company.  It speaks of "the promise and agreement of said company, that by means of said road and its connections the company will run trains through from Indianapolis to East St. Louis within two years from the 1st day of January, 1869."  Although the company was not bound to perform the contract within one year, yet it might have been performed within that time, and was not, therefore, within the statute of frauds.  *Wiggins* v. *Keizer*, 6 Ind. 252.  The making of the road as stipulated in the agreement was a performance on the part of the company, and had the contract, in the first place, been within the statute, and for that reason not binding on the company, it seems that after performance by the company, the defendant could not defend on the ground that the agreement was originally not binding on the company, because the contract or agreement was not signed by it.  The statute requires only that the agreement shall be signed by the party to be charged therewith.  The contract or agreement on the part of the company might be in writing, or it might be by parol.  Chitty, in his work on contracts, page 16, in speaking of the exceptions to the

rule that the assent or agreement must be mutually binding, says: "So a contract may not bind one party, in consequence of his omitting to sign it according to the Statute of Frauds; and yet he may sue the other party who has complied with that act; for, in this case, the objection merely goes to the evidence of the agreement; and it was the defendant's fault that he did not secure the plaintiff's signature."

We do not see, then, on what ground, or for what cause, the contract spoken of in the written agreement is not, and was not, from the beginning, binding on the company. But suppose it was not originally binding on the company, because it did not show an assent thereto by the company, and that for that reason it was not binding on the defendant; did it not become valid and binding on the defendant when the conditions were performed? One merely making an offer to contract is not bound thereby, but may withdraw the offer at any time before its acceptance by the other party. But if the offer has been accepted, or if the party to whom the offer has been made does the act which is the condition of the first promise or offer, then the promise or offer becomes binding on the party making it.

The construction of the road within one-half mile of the town of Danville, and, by means of said road and connections, the running of trains through from Indianapolis to East St. Louis within two years from the 1st of January, 1869, was the consideration for which the defendant promised to pay the sum mentioned in the writing. This consideration, we must presume, was regarded by him as of that value, and it was, and is, a valid, legal, and sufficient consideration for his promise. Having got what he contracted for, we think he is bound to pay what he promised.

In the *Des Moines Valley R. R. Co.* v. *Graff*, 27 Iowa, 99, in speaking of the same question made in the case at bar, that court say: "Then, as to the want of mutuality and a consideration: it is plain law that, if A. promise to pay B. a sum of money if he will do a particular act, and B. does

the act, A. is liable, though B. did not, at the time of the promise, engage to do the act; for, upon the performance of the condition by the promisee, the contract is clothed with a valid consideration, which relates back, and the promise at once becomes obligatòry. *Goodpaster* v. *Porter*, 11 Iowa, 161, and cases there cited. Plaintiff alleges performance on its part; and thus is a consideration shown, and the objection of a want of mutuality removed."

The judgment is affirmed, with five per cent. damages and costs.

*J. S. Straughan* and *W. A. McKenzie*, for appellant.

*L. Ritter*, for appellee.

