Robert Briggs *v.* J. R. Mills.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1882.

*Judd, C. J., McCully and Austin, J.J.*

### ROBERT BRIGGS *vs.* J. R. MILLS.

#### ON EXCEPTIONS.

A VERDICT WAS RENDERED October 11th. The defendant duly excepted to the verdict and moved for a new trial, on the ground of excessive damages. On the 7th of November defendant filed affidavits that he had discovered new and important evidence;

HELD, that the evidence could not be considered, since a motion for new trial on the ground of newly discovered evidence was not filed in ten days after the verdict. Section 1156 of the Civil Code is imperative as to time of filing such motion.

Sections 51 to 54 inclusive of Chapter 32 of the Laws of 1876, allow the wife of a defendant in an action of *crim. con.* for damages, to give evidence against her husband, it not being a communication made to her by her husband, and this not being a criminal proceeding.

Opinion of the Court by JUDD, C. J.

This is an action of *crim. con.* tried at the last October Term of this Court. The verdict was for the plaintiff, damages $2,000.

The defendant excepted to the verdict and moved for a new trial on the ground that the damages were excessive, but this point was abandoned at the argument. The defendant also took an exception to a ruling made at the trial by the Court, which will be considered later.

The verdict was rendered on the 11th October, and the Court adjourned on the 29th. On the 7th November, counsel for defendant filed certain affidavits alleging the existence of evidence, newly discovered, of great importance, objection being made to their being entertained as being filed too late, and this Court is asked to consider this question.

On this point we hold that either there should be a separate motion for a new trial made, if it is founded upon the discovery of new evidence, or it should be mentioned among the other grounds in the original motion. Reference to the motion on file discloses that newly discovered evidence is not mentioned, and no new motion was made. As to the time of filing such a motion, the Statute, Section 1,156 of the Civil Code, seems to us to be imperative. Ten days are allowed after the rendition of a verdict or judgment on which to file a bond and motion for a new trial " for any cause for which by law a new trial may and ought to be granted."

Rule 6 requires affidavits to be filed in support of motions grounded on facts. We have no doubt that the Court has the power to extend the time for filing additional affidavits in support of such a motion, but the motion and bond and some affidavit must be filed within ten days after the verdict.

The exception is to the ruling of the Court in admitting the evidence of Mrs. Mills, the defendant's wife, who was called as a witness by the plaintiff.

Section 51 of Chapter 32 of the Laws of 1876, consolidating the rules of evidence, declares that parties to an action and the husbands and wives of such parties respectively shall (except as hereinafter mentioned,) be competent and compellable to give evidence. The exceptions are mentioned in Section 52, where the testimony of a defendant in a criminal proceeding is treated, and in Section 53, where it is enacted " that nothing herein contained * * * * * * * * shall in any criminal proceeding render any husband competent or compellable to give evidence against his wife, or any wife competent or compellable to give evidence against her husband, except in such cases where such evidence may now be given," and allowing in a criminal proceeding the testimony of husband or wife for the defense.

Briefly, Section 51 renders competent and compellable the testimony of a wife for or against her husband in all cases and

*vice versa*, and Section 53 excepts criminal proceedings from the operation of this rule, and in these this testimony is not allowed, except for the defense. It is urged upon us that this suit is in the nature of a criminal proceeding. We do not think so. This is a civil action for damages. The result of this suit can have no effect upon a criminal prosecution against the defendant. In such a case all the facts would have to be proven *aliunde* and without reference to this suit. If the basis of this action, the defendant's adultery with plaintiff's wife, is made by our law a criminal offense, it has no effect to make *this* action for damages partake of the nature of a criminal proceeding.

The evidence of Mrs. Mills, not being a communication made to her by her husband during marriage, was properly admitted under our law, and the exceptions are accordingly overruled.

S. B. Dole for plaintiff.

R. F. Bickerton and W. C. Jones for defendant.

Honolulu, February 4, 1882.