M. P. ROBINSON *vs.* L. G. SRESOVICH *et al.*

EXCEPTIONS TO RULINGS OF PRESTON, J.

APRIL TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

It being left to the jury to say whether D. was defendant's agent, receipts given by D. as agent are admissible in evidence.

Defendant held liable, upon the evidence, to pay plaintiff, a consignor, the highest price received for any lot of similar fruit shipped by the same vessel, provided that plaintiff shipped good merchantable fruit, defendant having intermingled the consignment with his own fruit.

The Court may decline to give an instruction to the jury where the question on which the instruction is desired is not raised by the evidence.

Exceptions overruled.

OPINION OF THE COURT, BY JUDD, C. J.

THIS is an action of assumpsit to recover the sum of $900, for price of certain bananas, sold and shipped by plaintiff to defendants in San Francisco.

The verdict of the jury was for plaintiff for amount claimed with interest. The case comes to us by exceptions of the defendants as follows :

I. "The defendants excepted to the admission in evidence of certain receipts for the bananas, shipped per steamer, to R. Levey, San Francisco, signed in Honolulu by one Henry Davis, on the ground that there was not sufficient evidence that Davis was defendants' agent." It was an important question of fact in the case, for the jury to pass upon, whether Davis was the agent of defendants ; for if he, as their agent, accepted the bananas, they would be held liable.

Upon this there was much evidence adduced by plaintiff. But, as it was left to the jury to say whether they were satisfied from the evidence that Davis was defendants' agent, his receipts in

this capacity were admissible, otherwise the evidence of his agency would be without final effect.

II. The Court was requested, by defendants' counsel, to charge: "If the jury find that the plaintiff consigned to defendants the bananas, the price of which this action is brought to recover, and that there was no obligation under the contract for defendants to receive them, then those shipments were made at the exclusive risk of the plaintiff."

The Court could not, in view of the evidence adduced, justly charge in the terms as requested, for as above intimated, there was evidence tending to show that the bananas, for the price of which this action was brought, were accepted and received from plaintiff in Honolulu, by defendant's agent, and by him shipped to defendants in the same invoice with bananas procured from other sources, and both lots were intermingled and taken to defendants' store in San Francisco, and sold indiscriminately; so it was impossible to say what the bananas from plaintiff realized. The Court properly charged that, under the circumstances, if the jury found that the plaintiff's bananas were good marketable bananas, properly packed, the defendants were liable for the highest price obtained for any of the lot.

III. The Court was requested to charge: "If the jury find that defendants exercised reasonable care in the preservation and disposal of those (plaintiff's) bananas, and that no more was realized from the sale thereof than is stated in the accounts rendered by defendants to plaintiff, they must find for defendants." The Court charged that "if the jury found that defendants took the same care of plaintiff's bananas that they did of other bananas, and took the same care to obtain the best price, and that the price they obtained was the best that could be obtained, then they must find for defendants." We think the Court was right, especially in view of the charge already given above.

If defendants had mingled plaintiff's goods with their own, so that they could not be distinguished, they were bound to exercise the same care in their preservation and disposition as they exercised towards their own goods.

This would hold them to a greater degree of care than merely reasonable care.

The fourth request was as follows: "If the jury find from the evidence that deceit was practiced upon defendants in the shipments of bananas, they will find for the defendants."

This the Court declined, as no evidence had gone to the jury tending to show that any deceit had been practiced. This was right. "A Court may properly decline to give instructions to a jury, when the question upon which the instructions are desired is not raised by the evidence." *Wendell vs. Moulton*, 26 N. H., 41. It is not erroneous in a Judge to decline instructing the jury in the manner requested by either party, when the instructions prayed for are not found in the evidence, or not applicable to the case. *Drake vs. Curtis*, 1 Cush., 395. "A party has no occasion and no right to frame an hypothesis not founded in the evidence, and to ask for the instructions of the Court upon such a state of things." *Rice vs. Porter*, 17 N. H., 137.

The counsel for defendants also excepted to the charge of the Court, in saying in substance, "that there was no evidence on what date the different consignments were sold, nor the names of the persons to whom they were sold; and, as one of the witnesses testified that he saw the bananas in defendants' store, one week after their arrival, the jury might fairly draw the inference that the defendant may have sold them to himself." It is not indicated to us in what manner this observation of the Court was not a fair comment on the evidence. If it be true, as testified to by one of defendants' witnesses, that the bananas were seen by him in defendants' store one week after their arrival, and he sold them indiscriminately with his own bananas to purchasers in small lots, keeping no separate account of what the plaintiff's bananas brought, this transaction would amount to taking plaintiff's goods over to himself, and he would thus be accountable for the highest price he obtained for any. This is but a repetition of exception III, considered above.

Exceptions overruled.

*F. M. Hatch*, for plaintiff.

*P. Neumann* and *W. A. Whiting*, for defendants.

Honolulu, June 8, 1886.

———

Subsequently to the signing of the foregoing decision, counsel

for the defendants filed a brief, which they requested the Court to consider previous to filing its opinion.

We have carefully considered such brief and the arguments and authorities cited, but see no reason to alter the decision before arrived at.