# IN THE MATTER OF THE APPLICATION OF MARY AH SAM FOR THE SUPPORT OF HER BASTARD CHILD.

## No. 1087.

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.
HON. W. S. EDINGS, JUDGE.

SUBMITTED DECEMBER 10, 1918.          DECIDED DECEMBER 30, 1918.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE HEEN IN PLACE OF EDINGS, J., DISQUALIFIED.

BASTARDS—*presence of child in court.*

It is not error to permit the child whose paternity is the subject of inquiry to remain in the court room during the trial and to be held on the mother's lap while she is giving her evidence.

TRIAL—*instructions.*

A requested instruction not applicable to the facts of the case is properly refused.

SAME—*same.*

A requested instruction which has been covered by other instructions given in the case is properly refused.

BASTARDS—*judgment—amount, how determined.*

The facts upon which the court determines the amount of the judgment to enter against one who has been found to be the father of a bastard child should be judicially ascertained and disclosed by the record.

SAME—*same*—*effect of failure of court to ascertain financial standing of defendant.*

> When no error is found in the proceedings before the jury, but the court fails to ascertain the financial standing, etc., of the defendant prior to the entry of judgment fixing the amount defendant shall pay for the support of the illegitimate child, the judgment in that respect will be reversed, but so much thereof as is based upon the verdict will not be disturbed.

## OPINION OF THE COURT BY KEMP, J.

The defendant, James Akina, plaintiff in error, was found by a jury in the juvenile court of the second circuit to be the father of the bastard child of one Mary Ah Sam and the court entered a judgment requiring him to pay to its mother for support, maintenance and education of said child the sum of $240 per annum in monthly instalments of $20 each until said child reaches the age of fourteen years. From this judgment the defendant comes to this court on writ or error and assigns five grounds as follows:

"1. That the court erred in allowing the petitioner Mary Ah Sam to bring the bastard child in the court room.

"2. That the court erred in allowing the petitioner Mary Ah Sam to carry her bastard child with her to the witness stand.

"3. That the court erred in refusing to give instruction number 2 requested by defendant-plaintiff in error which was in the following language: 'The court instructs the jury that if they believe from the evidence in the case that the crime charged against the defendant rests alone on the testimony of the prosecuting witness, Mary Ah Sam, then they should scrutinize her testimony with care and caution.'

"4. That the court erred in refusing to give instruction number 3 requested by defendant-plaintiff in error which said request was in the following language: 'If after considering all of the evidence in the case, you shall find that the evidence upon any question is equally balanced, you should answer such questions against the party who has

the burden of such issues, for in such case there would be no preponderance in favor of such proposition.'

"5. That the court erred in ordering defendant-plaintiff in error to pay the sum of $20.00 per month for the maintenance and support of said bastard child of Mary Ah Sam."

The first two assignments of error raise practically the same question and will be considered together.

The question is, was it error for the court to permit the bastard to remain in the court room in the presence of the jury and to be carried by the mother to the witness stand while testifying? The record discloses that before the selection of a jury to try the case the defendant requested that the child be ordered removed from the court room. This request was denied by the court and the child remained in the court room. After a jury had been selected and sworn, Mary Ah Sam, the mother, was called as a witness and took the stand with her child, a baby two months of age, in her arms, whereupon the defendant objected to the witness taking the stand with the baby. The objection was overruled and the mother permitted to hold the child until it became restless shortly after the examination of the witness began when the court ordered the mother to give the child to some one else to hold. At the close of the evidence for the prosecution the child was offered in evidence for the purpose, as stated by counsel, of corroborating the testimony of the mother that the child was then under six months of age, our statute requiring such cases to be begun within six months of the birth of the child. The defendant's objection to this offer was sustained and the plaintiff was not permitted to exhibit the child to the jury. When the statement was made by counsel that the child was offered to corroborate the testimony of the mother as to its age the court remarked "The child is here and they have seen it," but did not change

the ruling which had already been made refusing to permit the plaintiff to exhibit the child to the jury.

The defendant has cited authorities which hold that it is error in a bastardy case to permit the bastard while under two years of age to be exhibited to the jury for the purpose of having the jury make comparison of the complexion, features, etc., of the child with those of the reputed father as evidence of the alleged paternity. *State* v. *Harvey*, 112 Ia. 416; *Clark* v. *Bradstreet*, 80 Me. 454; *Risk* v. *State ex rel Vestal*, 19 Ind. 152; *Reitz* v. *State*, 33 Ind. 187; *Ingram* v. *State*, 24 Neb. 33.

There is, however, a diversity of opinion as to whether the child may be exhibited before the jury for their inspection as evidence in the case to show its resemblance to defendant by comparing the features and appearance of the two. Many of the States permit this to be done regardless of the age of the child. *Gaunt* v. *State*, 50 N. J. L. 490, 14 Atl. 600; *State* v. *Woodruff*, 67 N. C. 89; *Scott* v. *Donovan*, 153 Mass. 378, 26 N. E. 871. But we do not find it necessary to express an opinion as to which is the better and sounder doctrine as the record in this case shows that the child was not exhibited to the jury.

In all of the cases cited by defendant the child was exhibited to the jury for the purpose of comparing its appearance, complexion and features with those of the reputed father on the issue of whether he was in fact its father, while in this case the offer of the child in evidence was only for the purpose of corroborating the evidence given by the mother as to the age of the child and was not received even for that purpose. Upon this state of facts the cases cited do not appear to be in point.

In support of the court's action in permitting the child to remain in the court room and be held on its mother's lap during part of the time she was giving her evidence the plaintiff has cited 3 R. C. L. 765-766, from which we quote the following:

Opinion of the Court.

"Irrespective of whether profert may be made of the bastard child to the jury, or testimony of witnesses received as to its resemblance or nonresemblance to the defendant, the mere presence of the child in court is not prejudicial error to the defendant, when no profert of such child is made, or offered to be made to the jury, and no reference to it, or its presence, is made by counsel to the jury. Nor is it ground of objection that the child whose paternity is in question is allowed in its mother's lap during her examination, at least where the court cautions the jury against considering or discussing any supposed or fancied resemblance or nonresemblance to the defendant; and the child is not tendered in evidence or exhibited to the jury in argument." See also *Johnson* v. *Walker*, 86 Miss. 757, 39 So. 49; *State* v. *Stark*, 149 Ia. 749, 129 N. W. 331; *Hutchinson* v. *State*, 19 Neb. 262, 27 N. W. 113.

In this case the court did not caution the jury against considering or discussing any supposed or fancied resemblance or nonresemblance to the defendant, but the matter was not called to the attention of the court by a requested instruction and we do not think the defendant can in the absence of such request complain of the court's action in not so cautioning the jury. The record does not disclose that any reference to the child or its presence was made by counsel to the jury.

We do not think the defendant was prejudiced by the presence of the child in the court room or by the mother being permitted to hold it while giving her evidence and the court's action in that respect was therefore not error.

Assignments of error numbers 3 and 4 complain of the refusal of the court to give defendant's requested instructions numbered 2 and 3.

Number 2 was properly refused because it was not applicable to the facts of the case. The establishment of no essential element of the crime charged depended entirely upon the evidence of Mary Ah Sam. There was direct

corroboration of every essential part of her testimony and to have given the charge would have been misleading.

Number 3 was properly refused because the points contained in it were fully covered by other instructions given at the request of defendant and by the oral instructions given by the court of its own motion.

Assignment of error number 5 does not relate to proceedings had during the trial before the jury but relates to the judgment of the court rendered upon the verdict of the jury finding the defendant to be the father of the bastard in question. Section 3008 R. L. 1915, defining the duty of the court in entering judgment in a case of this character, provides in part as follows:

"If the accused acknowledge in open court the paternity of such child, or if at the trial the finding of the court or jury be against the accused, the court, in rendering judgment thereon, shall make an order for the annual payment, until the child be fourteen years of age, of such sum of money, in such instalments and in such manner, as shall to the court seem best, taking into consideration the financial standing of the defendant, his income, earning capacity, and those of his family who are dependent upon him for their support, maintenance and education."

We think the facts upon which the court determined the amount of the judgment to be entered against the defendant should be judicially ascertained and disclosed by the record, otherwise the question of whether the judgment is excessive cannot be determined. The record in this case does not disclose that there was a judicial ascertainment of the income, earning capacity or financial standing of the defendant. This constitutes error which requires a modification of the judgment of the court but we see no reason why the verdict of the jury should be disturbed. In *Gay* v. *Mendonca*, 7 Haw. 293, by the special finding in the verdict, it was apparent that the jury had disregarded or misunderstood the instructions of the court in

respect to the measure of damages and a new trial was ordered upon the amount of damages only. If upon a reversal in such a case the new trial can be limited to the amount of damages, the other findings of the jury to stand, we see no reason why the verdict in this case should not stand and the further proceedings be confined to a judicial ascertainment by the court of the earning capacity, income, etc., of the defendant and a modification of the judgment in accordance with the facts thus ascertained by the court.

That portion of the judgment fixing the amount which the defendant shall pay is reversed and the cause remanded with instructions to the court to judicially ascertain the facts which we have found should be so ascertained and to enter a modification of the judgment in accordance with such findings. The judgment in all other respects is affirmed.

*Eugene Murphy* for plaintiff in error.

*E. R. Bevins,* County Attorney of Maui, for defendant in error.