## STATE v. STEADMAN.

No. 4551. Decided July 9, 1927. Rehearing Denied September 20, 1927. (259 P. 326.)

*Samuel A. King* and *Creighton King*, both of Salt Lake City, for appellant.

*Harvey H. Cluff*, Atty. Gen., and *L. A. Miner*, Asst. Atty. Gen., for the State.

HANSEN, J.

This is an appeal by the defendant from a judgment against him in a bastardy proceeding. The jury found that the defendant is the father of an illegitimate child, and the court rendered judgment requiring the defendant to pay $150 during the first year and $100 per year for the period of 17 years, for the support, education, and maintenance of said child. The defendant assails the judgment upon the following grounds: (a) Insufficiency of the evidence to justify the verdict; (b) errors of the trial court in its ruling upon the admission of evidence; (c) errors of the trial court in refusing to give defendant's requests for instructions to the jury; and (d)

misconduct on the part of the state's attorney in arguing the case to the jury. We will consider the assignments of error in the order named.

The prosecutrix testified that she and the defendant were keeping company during the year 1924, and that they became engaged to be married, but the engagement was broken off in November, 1924; that during the year 1925 she continued to go out with the defendant occasionally; that on May 18, 1925, while out with the defendant for an automobile ride, she had sexual intercourse with him; that the act of sexual intercourse occurred with the defendant more than once; that one of her menstruation periods came May 1, 1925, and an unnatural menstruation period occurred on or about June 1, 1925; that thereafter she did not have any such period up to the time of the birth of the child, which occurred on January 30, 1926. The father and a brother of the prosecutrix testified that on January 15, 1926, they called upon the defendant and that the defendant stated that he was guilty and would marry the prosecutrix. The physician who attended the prosecutrix at the time she gave birth to the child testified that the child when born appeared to be normal and fully developed. He also testified that the period of gestation is 280 days, but that the period varies a week or so one way or the other; that in fixing the period of gestation it is usually figured from the date of the last menstruation. If however, the exact date of conception is known, the 280 days is figured from such date.

The defendant admitted that he had been keeping company with the prosecutrix during the year 1924, but denied that he had sexual intercourse with her on either May 18 or June 1, 1925. Evidence was also offered on behalf of the defendant tending to show that he had received an injury to his foot early in May, 1925, and by reason thereof was unable to drive an automobile on May 18, 1925, and that he was at home on said date. It is especially urged on behalf of the defendant that the evidence is insufficient

to justify the verdict because the undisputed evidence shows that the child was a normal, fully developed child and that only 257 days elapsed between the date of the alleged intercourse and the date of the birth of the child. The doctor testified, however, that in computing the period of gestation, the 280 days were figured from the date of the last menstruation period, unless the date of conception were definitely known. The prosecutrix testified that her last normal period of menstruation was May 1, 1925. If this date is taken, 275 days had elapsed before the child was born. If, therefore, the date of conception were unknown, and if the unnatural menstruation period of about June 1, 1925, be disregarded, the birth of the child might well have been expected on January 30, 1926. Moreover, if the jury believed that the defendant had coition with the prosecutrix during the period of gestation, and that, as testified to by the prosecutrix, she did not have coition with any other than the defendant, there was ample justification in finding that the defendant was guilty even though such finding should necessitate a finding that the prosecutrix was mistaken in the exact date that the act occurred. So long as the act occurred within the period of gestation, the exact date is immaterial. There is substantial evidence tending to support all of the material allegations of the information and therefore appellant must fail on his assignment of error that the evidence is insufficient to support the verdict.

It is next contended that the court erred in not permitting evidence tending to show that the prosecutrix went out with another young man on July 23, 1925. If this evidence was intended as an impeachment of the testimony of the prosecutrix on cross-examination, it is impeachment on a collateral matter and therefore improper; and if it be regarded as original evidence it is immaterial. We are therefore of the opinion that this assignment is without merit.

It was made to appear that on January 12, 1925, the defendant and prosecutrix met according to appointment.

230

In referring to this meeting the defendant was asked:
"And what did she want?" The question was ob-
jected to as hearsay, and that no foundation was laid
for impeachment. The court sustained the objection, appar-
ently upon the ground that it was not impeachment. It may
be conceded that the prosecutrix is a real party in interest
in this proceeding, and as such any statement she might
make against her interest is proper original evidence with-
out regard to the rules of impeachment. Even so, this does
not aid the appellant. The question clearly called for the
conclusion of the witness and therefore was objectionable.
As a general rule where a court sustains an objection to
an improper question, even though upon objections that are
not tenable, the judgment will not be reversed. 3 C. J. §
735, p. 824. No effort was made to prove any statements
of the prosecutrix that were against her interests, or that
were material to any issue in this case, and therefore we
are unable to find prejudicial error even though a proper
question had been asked as to the conversation had between
the defendant and the prosecutrix. Indeed, it does not ap-
pear that they had any conversation.

Complaint is also made of the overruling of the objection
to general questions propounded to the prosecutrix by the
state's attorney as to when sexual intercourse began
by the prosecutrix and the defendant. It is contend-
ed that the questions call for testimony too remote
and not within the period of gestation. A complete answer
to this claim is the fact that the prosecutrix did not testify
to any act of sexual intercourse except one of May 18th
and one of June 1, 1925, and therefore the defendant
could not have been prejudiced by the form of the questions.

As a part of the defense, Dr. Allen was called as a wit-
ness and testified that he attended the defendant dur-
ing the time he had an injury to his foot; that from
the 7th to the 13th of May, 1925, the defendant
came to the office to Dr. Allen about every day; that the

books kept by the doctor, as he learned from his bookkeeper and upon which he relied for the dates, show that the last day he treated the defendant was on May 13, 1925. It appears that after the doctor testified he left the state. The father of the defendant was then called as a witness and testified that he had taken a copy of Dr. Allen's records showing the times that the defendant had called upon the doctor. This purported copy of the doctor's books was offered in evidence, but the offer was objected to as hearsay and the objection sustained. This ruling is assigned as error. We are of the opinion that the ruling was clearly right.

The defendant submitted four requests for instructions to the jury upon the defense of an alibi. One of the requests was given and the other three refused. Error is assigned because of the refusal of the court to give all of the requests. The request given states the law as to the defense of an alibi as favorably to the defendant as he was entitled to, and therefore there was no error in refusing to give the other three requests.

The defendant also requested instruction to the effect that the fact that the complainant is a woman should not create in the minds of the jury any bias or prejudice against the defendant. While the request as made was refused, the subject-matter of request was covered by the instructions given, and therefore defendant was not prejudiced by the refusal.

The defendant also requested the court to give the following instruction:

"The court charges the jury that the presumption of innocence is a conclusion drawn by the law in favor of a citizen accused of crime, by virtue whereof when brought to trial upon a criminal charge he must be acquitted, unless he is proven to be guilty; in other words, this presumption is an instrument of proof created by law in favor of the accused, whereby his innocence is established until sufficient evidence is introduced to overcome the proof which the law has created. This presumption on the one hand supplemented by any

evidence he may adduce and the evidence against him on the other, constitute the elements from which the legal conclusion of guilt or innocence is to be drawn. This legal presumption of innocence is to be regarded by the jury in this case as matter of evidence, to the benefit of which the defendant is entitled."

The request was refused and such refusal is assigned as error. The requested instruction is taken from an opinion of the Supreme Court of the United States. *Coffin* v. *United States*, 156 U. S. 432, 15 S. Ct. 394, 39 L. Ed. 481. Since this opinion was written it has received quite general adverse criticism, and especially has it been criticized wherein the opinion states that the presumption of innocence is to be regarded by the jury as evidence. 1 Jones Comm. on Ev. (2d Ed.) § 45, p. 86; 5 Wigmore, Ev. (2d Ed.) § 2511, p. 503; Thayer, Preliminary treatise on Ev. Appendix B, p. 551. An examination of the numerous cases cited in the footnotes in support of the text in Jones, Comm. on Ev. and Wigmore on Ev. supra, shows that the great weight of authority is opposed to the law as stated in the case of *Coffin* v. *United States, supra.* In the cases of *Agnew* v. *United States,* 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624, and *Holt* v. *United States,* 218 U. S. 245, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138, the Supreme Court of the United States refused to follow the rule in the Coffin Case in so far as the presumption of innocence should be regarded as evidence in favor of the defendant. In these later two cases it is held that the instruction in the Coffin Case, supra, has a tendency to mislead the jury. We are of the opinion that both upon reason and authority the defendant was not entitled to the instruction in the form requested upon the presumption of innocence. The presumption of innoncence, however, is quite generally applied in an action, civil in character, such as the instant case, where a crime is charged and must be proved. 1 Jones, Comm. on Ev. (2d Ed.) § 47, p. 88; 22 C. J. § 75, p. 144. In giving an instruction in a civil action, however,

care should be used not to directly or indirectly suggest to the jury that the same measure of proof is required to establish the commission of a crime as is required in a criminal action. *State ex rel. Detroit F. & M. I. Co.* v. *Ellison et al.*, 268 Mo. 239, 187 S. W. 23; 5 Wigmore on Ev. (2d Ed.) § 2498, p. 472. We are of the opinion that in this case the trial court could properly, and upon proper request should have, instructed the jury to the effect that the defendant was presumed to be innocent of having sexual intercourse with the prosecutrix until a fair preponderance or greater weight of the evidence convinced them that he was guilty of such offense. The trial court did instruct the jury that before they would be justified in finding the defendant guilty they should be satisfied by a fair preponderance of the evidence that the defendant is the father of the child of the prosecutrix. No objection or exception was taken to the failure of the court to give an instruction on the presumption of innocence, unless it be inferred from the refusal of the court to give the requested instruction. In the assignment of errors filed in this court no error is assigned on account of the failure of the trial court to instruct the jury on the presumption of innocence, except the assignment that the trial court failed to give the requested instruction which we have held improper. We are therefore of the opinion that upon the record in this case no prejudicial error can be predicated upon the refusal of the trial court to give the requested instruction involving the presumption of innocence, in view of the fact that the issues involved in this action were fully and fairly presented to the jury.

It is further contended that the judgment in this case should be reversed because of misconduct of the state's attorney during the course of the argument to the jury. During the cross-examination of the defendant, counsel for the state asked the defendant this question: "As a matter of fact, didn't you consider you had to ask her (prosecutrix) before you could

go out with other girls?" The defendant answered, "No, sir." Upon further cross-examination the defendant admitted writing a letter to the prosecutrix wherein he stated that he would go up and see a girl friend if the prosecutrix did not object. It appears that in arguing this evidence to the jury the state's attorney accused the defendant of lying on the witness stand. The attorney for the defendant excepted to the remark but made no request to the court for instruction to the jury to disregard the statement of the attorney, and the court did not give an instruction as to the conduct of the state's attorney. It is, of course, improper for an attorney to use opprobrious terms in arguing a case to the jury but we are unable to see how the remark could be said to be prejudicial to the defendant. The evidence commented upon was before the jury and we cannot assume that they gave any greater or less weight to the evidence because of the remark.

We have carefully examined and considered all of the assignments of error and find that no prejudicial error was committed in the trial of this cause. The judgment is affirmed. Respondent to recover its costs.

THURMAN, C. J., and GIDEON, CHERRY, and STRAUP, JJ., concur.