# TERRITORY OF HAWAII *v.*
# BURRELLE DUVAUCHELLE.

## No. 2929.

ARGUED DECEMBER 8, 1953.                    DECIDED JULY 8, 1954.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

This cause is before the court upon writ of error seeking to reverse a judgment adjudicating the plaintiff in error to be the father of an illegitimate child and directing the payment of certain expenses.

The material facts adduced below were that in March of 1950, the complainant, an unmarried resident of Honolulu, became acquainted with the defendant while visiting on Molokai, and that during complainant's intermittent visits for approximately a year and a half thereafter they kept company with each other on that island, as well as on several occasions in Honolulu.

In 1951 during a visit to Molokai the complainant conceived a child, attributing her condition to relations with the defendant during March and April of that year. The defendant conceded relations during those months. In May, while on Molokai, the complainant developed a miscarriage following which she returned to Honolulu. Thereafter but one menses occurred, commencing on June 15.

On July 3, the complainant returned to Molokai where on July 5, 7, 13, 15 and 19 she admitted having relations with the defendant. On August 5, the complainant informed the defendant that her anticipated menses during the month of July had not occurred. On August 19, she returned to Honolulu, where medical advice confirmed pregnancy and approximated date of birth as March 23, 1952. On April 11, 1952, complainant gave birth to a twenty-day postmature child.

During her period of pregnancy the complainant wrote two letters confirming her condition. The first on August 21, 1951 to the defendent: "As it is, I'm already 2 months pregnant. By Oct. 15th, I'll be 4 months."; the second, to a relative of the defendant's on December 5, 1951: "* * * well I don't want him at all now when I'm six months." Defendant urges as reversible error that

these admissions upon the foregoing dates establish that conception occurred in the month of June, 1951, antedating his alleged relations with the complainant in July, and in support thereof contends that the twenty-day postmaturity birth constitutes further evidence that conception did not occur during July, 1951. The defendant introduced evidence to establish that he was at a place other than the situs of the relations alleged by the complainant on July 5 and July 7, and specifically denied relations on July 13, 15 and 19.

No medical testimony upon the issue of the date of conception was introduced other than the following excerpt:

" 'The average duration of pregnancy is taken to be about 280 days, that is ten lunar months, or approximately nine calendar months. This includes the period from the first day of the last menstrual flow until the birth of the child. As conception, however, presumably occurs around the middle of the menstrual month, the actual duration of pregnancy is 270 days.' That is between the act of intercourse and the birth. 'There are, of course, many individual variations, and normal pregnancies have been known to last considerably less or more than the average time stated. Because of these uncertainties it is not always possible to predict accurately the date of an expected childbirth.' " (Drs. Hannah and Abraham Stone, *A Marriage Manual.*)

Upon that issue the following instruction was given by agreement: "You are instructed that a full term baby is one born approximately nine calendar months or about 280 days from the first day of the last menses, although normal pregnancies have been known to last considerably less or more than the average time stated."

On November 13, 1952, verdict was rendered finding

the defendant to be the father of the child as alleged in the information.

On November 26, 1952, a motion in arrest of judgment upon the following grounds was filed:

"1. That the verdict * * * is against the law, the evidence, and the weight of the evidence;

"2. That no medical testimony was adduced by the Territory nor considered by the jury on the issue of the paternity of the defendant;

"3. That the Court erred in refusing to give * * * Defendant's Requested Instruction No. 8 * * * No. 7 * * * [and] No. 3."

On December 12, 1952, a second motion in arrest of judgment grounded solely upon newly-discovered evidence was filed. It was supported by a third-party affidavit averring the affiant's sexual relations with the complainant at unspecified dates on Molokai during the period June 1 to June 13, 1951, and on specific dates and places on July 5, 8 and 22, 1951. The affidavit recited further relations between the complainant and a fourth party on July 14, 1951. It also averred that the affiant had furnished the foregoing information to the defendant on December 8, 1952.

Both motions were denied and judgment thereupon entered on December 26, 1952.

Plaintiff in error contends, *inter alia,* that the trial court erred in refusing to give defendant's requested instructions numbers 3, 5, 7 and 8; in denying the motions in arrest of judgment; and in refusing to grant a new trial upon the grounds of the newly-discovered evidence.

Defendant's requested instruction number 3:

"The Court instructs the jury that the presumption of law is that Defendant is innocent, and that this presumption must be overcome or the Defendant must be acquitted."

Defendant's requested instruction number 5:

"The Court charges you that you should carefully consider the whole of the testimony, and if, upon the whole evidence, your minds are left in a state of doubt and uncertainty so that you cannot reasonably say that the Defendant is guilty, then you should find he is not the father of the child."

At the outset we observe that it may be argued that requested instruction number 3 is deficient in its failure to recite that the duration of the presumption is a limited one, continuing only until overcome by a preponderance of the evidence. (*State ex rel Carmons* v. *Woods*, 102 Kan. 499, 170 Pac. 986, L. R. A. 1918 C 889.) Assuming however that the instruction properly embraced the principle of law which it purports to cover in its entirety, the refusal to give such an instruction does not constitute reversible error in circumstances where, as here, the jury was otherwise properly instructed that the burden of proof is upon the Territory to establish by a preponderance of the evidence that the defendant was in fact the father of the child in question. (Territory's Instruction No. 3; *State* v. *Carey*, 188 Iowa 1308, 177 N. W. 522; *Daly* v. *Melendy*, 32 Neb. 852, 49 N. W. 926.) In this jurisdiction it is well-settled that the trial court's refusal to give such an instruction, even though it recites a correct principle in its entirety, does not constitute reversible error when substantially the same principle of law is given in another instruction, in one or more instructions combined, or is made to appear when all of the instructions given are considered collectively. (*In re Ah Sam*, 24 Haw. 591; *Territory* v. *Wright*, 37 Haw. 40; *Territory* v. *Martin*, 39 Haw. 100.)

Defendant's requested instruction number 5 was refused, the Territory contending that such refusal was proper inasmuch as the giving of such an instruction

would have tended to confuse the jury. It becomes apparent upon a reading of the instruction that it does in fact suggest that the Territory was required to prove beyond a reasonable doubt that the defendant was the father of the child. That paternity proceedings in this jurisdiction are civil rather than criminal in nature and thus require the same measure of proof as in civil actions, has long been established. (*Territory* v. *Good,* 27 Haw. 9.) We find that the trial judge properly refused the requested instruction since it suggests that the measure of proof is that required for conviction in a criminal proceeding. To have given such an instruction would obviously have tended to confuse the jury. "In giving an instruction in a civil action * * * care should be used not to directly or indirectly suggest to the jury that the same measure of proof is required to establish the commission of a crime as is required in a criminal action." (*State* v. *Steadman,* 70 Utah 224, 232, 233, 259 Pac. 326, 328, 329.)

Plaintiff in error contends that the lower court erred in refusing to give requested instructions numbers 7 and 8, both of which charged in substance that if the jury found that the complaining witness had engaged in sexual relations with any person other than the defendant, near, or about the time she asserted conception, and should the jury be unable to decide who in fact was the father of the child, they should find the defendant not guilty. The Territory contends that the trial court's refusal was justified since no evidence was introduced establishing that the complainant engaged in relations with any other than the defendant during the month of July, 1951. Plaintiff in error contends that sufficient evidence was in fact before the jury to warrant the giving of the instructions in that first, the birth occurred on April 11, 1952, some twenty days postmature which fact established conception in the month of June, 1951; second, the com-

plainant's letters bore admissions establishing conception to have occurred in the same month; and third, inasmuch as complainant's medical advice established the date of birth to be on or about March 23, 1952, that this calculation could have been premised only upon specific information and dates furnished by the complainant affirming that she had engaged in relations with another or others than the defendant on or about June 27, 1951.

We find plaintiff in error's contentions to be without merit. They are premised upon the hypothesis that the duration of a normal pregnancy may be calculated with accuracy. No justification exists for the hypothesis in view of the evidence offered by stipulation of both counsel establishing that "normal pregnancies have been known to last considerably less or more than the average time stated [270 days]," a fact which we would judicially note even in the absence of such evidence. This evidence was not contradicted, and the record bears nothing to indicate that the complainant's pregnancy was other than normal or that physical complications developed which resulted in the postmature birth. Viewing the evidence in this light, it is apparent that the matters relied upon by plaintiff in error were insufficient to warrant the giving of requested instructions numbers 7 and 8. The trial judge's refusal to give such instructions was proper inasmuch as they were "not applicable to the facts of the case" (*In re Ah Sam,* 24 Haw. 591, 595, and were framed upon an "hypothesis not found in the evidence." (*Robinson* v. *Sresovich,* 5 Haw. 618, 620.)

It is contended that the trial judge abused his discretion in denying plaintiff in error's amended motion for judgment notwithstanding the verdict which motion was grounded, *inter alia,* upon refusal to give plaintiff in error's requested instructions numbers 3, 7 and 8, and that the verdict was against the law, the evidence, and

the weight of the evidence. Having heretofore considered the substantive grounds of the motion, we are of the opinion that the motion was properly denied since such judgment "can only be entered when the material facts were undisputed." (*Re Estate of Kamaka,* 9 Haw. 245, 247.) Inasmuch as the issue of paternity was vigorously contested by the defendant's denials of relations with complainant on July 13, 15 and 19, 1951, and by his proffer of alibis on July 5 and 7, 1951, we concur in the trial judge's ruling denying the amended motion.

The amended motion was captioned "Motion In Arrest of Judgment" and was grounded solely upon the newly-discovered evidence and supporting affidavit asserting relations between a third party and the complainant during the month of July, 1951 — all consisting of matters not therefore appearing of record. (*Carter* v. *Bennett,* 56 U. S. 354.) "* * * the court cannot look beyond the record; and the judgment cannot be arrested, unless there is some error in law or defect in jurisdiction apparent in the proceedings. * * * after verdict is rendered, the judgment cannot be arrested by the introduction of new evidence on a new fact. It may, in a proper case, lay the foundation of a motion for a new trial, but not in arrest of judgment." (*Carter* v. *Bennett,* 56 U. S. 354, 356, 357.) The newly-discovered evidence offered by plaintiff in error in the motion in arrest of judgment consisted of matters beyond the record. Such evidence may properly have been brought to the attention of the trial court as grounds of a motion for a new trial had the statutory period for the filing of such a motion not expired. (*Carter* v. *Bennett,* 56 U. S. 354; R. L. H. 1945, § 10132.)

It is contended that the second motion in arrest of judgment warrants parallel consideration, in the circumstances, to a motion for a new trial. Viewing the

"Motion in Arrest of Judgment" as a motion for a new trial grounded solely upon newly-discovered evidence and attaching all applicable principles to it as such, the trial court's denial was nevertheless proper inasmuch as the motion was filed sixty days after verdict. Section 10132 of the Revised Laws of Hawaii 1945 provides in part that such motions be filed "within ten days after verdict or decision and not later." This court has held that "As to the time of filing such a motion, the Statute * * * seems to us to be imperative." (*Briggs* v. *Mills*, 4 Haw. 450, 451.)

Judgment affirmed.

*D. G. Ridley* (*J. F. Gilliland* with him on the briefs), for plaintiff in error.

*T. T. Tsukiyama*, Deputy City and County Attorney (*N. Felzer*, Acting City and County Attorney, and *R. Y. Oda*, Deputy City and County Attorney, with him on the brief), for defendant in error.