SOWERS MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14464. Promulgated April 29, 1929.

*A. E. Graupner, Esq.*, and *John L. Kenefick, Esq.*, for the petitioner.

*James A. O'Callaghan, Esq.*, for the respondent.

271

OPINION.

GREEN : The petition alleges and the answer admits that "the taxes in controversy are income taxes for the calendar years 1922 and 1923, and amount to the sum of $16,492.48." The respondent has proposed no deficiency for the year 1923. Neither has he rejected an abatement claim for that year. We must, therefore, on our own motion, dismiss the petition for lack of jurisdiction as far as it pertains to the year 1923. *Cornelius Cotton Mills*, 4 B. T. A. 255.

The question involved in this proceeding is whether the petitioner should report, as taxable income for the year 1922, the allowed amount of a general claim filed by the petitioner against the receivers of the Willys Corporation and allowed by the latter during the year 1922, as contended for by the respondent, or whether the petitioner should only report the dividends on the claim as income as and when they were paid by the receivers, as contended for by the petitioner.

The circumstances surrounding the contract and its breach, have been set out fully in the findings of fact. The claim as originally filed with the receivers amounted to $943,025.24 and was based, in part, upon certain expenditures made by the petitioner in anticipation of the execution of the contract. The balance of the claim and the major portion thereof was based upon the alleged loss of profits, which the petitioner contended it would have earned had the contract not been breached.

After negotiations, the receivers offered to compromise petitioner's claim for the sum of $500,000. The court authorized the receivers to allow the claim, provided that $50,000 thereof should be applied against the cancellation and the transfer to the petitioner of any interest which the Willys Corporation or the receivers had in the $237,500 preferred stock of the petitioner then outstanding. The balance of the $450,000 was allowed as a general claim and represented only a settlement for loss of anticipated profits arising out of the breach of the contract. It did not include any sum for the expenditures claimed to have been made by the petitioner in getting ready to perform the contract.

Upon the allowance of the claim the petitioner was paid, during 1922, the same percentage that had been previously paid to the general creditors, namely, 57 per cent, amounting to $256,500.

The petitioner, in its tax return for 1922, reported as income the sum of $306,500, which represented $50,000 fixed as a consideration upon the preferred stock redeemed by the petitioner, in accordance with the terms of the settlement with the receivers, and the $256,500 representing the 57 per cent dividend paid in 1922.

On December 31, 1922, the petitioner had received 57 per cent of its claim as allowed. The liquid assets then remaining in the hands of the receivers amounted to approximately half the amount of the claims filed and the expenses of the receivership. If full credence were given to the receivers' estimates of the value of all assets, it would not then have appeared that more than 75 per cent of the amount of the claim would be recovered. The receivers made no promises or forecasts, and were unwilling and unable to say when and if further dividends would be paid. The petitioner reported as income only the amount of the cash dividends received.

The petitioner at all times kept its accounts and filed its income-tax returns upon the accrual basis.

The general rule is that a taxpayer reporting on an accrual basis must report items of income at the time they accrue, without regard to the time they are paid. *Appeal of Schock*, 1 B. T. A. 528; *Appeal of Butler*, 1 B. T. A. 1105; and *Appeal of Harris*, 2 B. T. A. 933. A taxpayer who keeps its books and reports its income on the accrual basis is not, however, required to report as income that which in all probability it may never receive. *Great Northern Railway Co.*, 8 B. T. A. 225, 265. In the latter case, the Great Northern Railway Co. kept its books upon an accrual basis, in accordance with the requirements of the Interstate Commerce Commission. It did not, however, in accordance with section 20 of the Act to Regulate Commerce, effective July 1, 1914, accrue certain interest on certain debts owing it by certain nonaffiliated subsidiaries, for the reason that it was very doubtful whether it would ever be able to collect such interest on account of the financial condition of the debtor companies. The Commissioner contended that, notwithstanding the requirements of the Interstate Commerce Commission, the Great Northern Railway Co. should, for income-tax purposes, report the interest as income for the years in which it accrued. In rejecting the Commissioner's determination on that point, we said in part:

As indicated by the income-taxing statutes, corporations keeping books of account may make their returns upon the basis of actual receipts and disbursements or upon some other basis which truly reflects income. There are two methods of accounting in general use, (1) the cash basis commonly used by individuals and small concerns, and (2) the so-called "accrual basis." Both methods have for their object the same purpose, which is the recording of the financial transactions of a business and the summarizing of the results so as to show the effect of these transactions upon the business. The principal difference between them is the period of time to which a given transaction is allocated.

Under either method the taxpayer must have before him some definitely ascertained item of income to record before it can be reported and if a given transaction does not correspond to the definition of income then there is no income to record whether the taxpayer keeps its books on a cash or an accrual

basis. *Where books are kept on the accrual basis there is no requirement that there shall be accrued as income that which may never be received.* The position of the respondent in this case carried to its logical conclusion would require a taxpayer keeping its books of account upon the accrual basis to accrue as income interest on bonds held as an investment which it did not collect and which in all probability it never would collect. If the theory of the respondent is correct an insolvent corporation keeping its books of account upon the accrual basis might merely by the purchase of bonds of insolvent corporations upon which interest was neither being earned or paid, easily show a large income. (Italics added.)

In cases of sales where part of the consideration received has no fair market value, a taxpayer on the accrual basis is not required to report all of the profit from the sale that may eventually be realized but is entitled to report on the "return of capital" theory, which contemplates the receipt by the taxpayer of its entire cost or other basis before there can be any taxable income. See *Joliet-Norfolk Farm Corporation*, 8 B. T. A. 824; and *Garber et al.*, 11 B. T. A. 979.

In the instant case, we are of the opinion that the probable amount of recovery on the bankruptcy claim was so uncertain that either an accrual in part or in full would not properly reflect income. The deficiency should be recomputed by excluding from gross income, as determined by the respondent, the amount of $193,500, representing the difference between the $500,000 claim allowed and the dividends paid during the year of $306,500. No evidence was offered with respect to the deductions of $13,798.65 and on this point the respondent's determination is approved.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN dissents.