Emanuel Solomon Ullmann, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Joseph Ullmann, Jr., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Joseph Ullmann, Jr., and Theresa Ullmann, as Executors of the Estate of Samuel Ullmann, Deceased, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 56470–56472. Promulgated May 17, 1934.

*J. R. Little, Esq.*, for the petitioners.
*Prew Savoy, Esq.*, for the respondent.

OPINION.

Marquette: These proceedings have been consolidated and involve the determination of the following deficiencies in income tax for the year 1928:

Emanuel Solomon Ullmann _____ $5,794.86
Joseph Ullmann, Jr. _____ 12,089.23
Estate of Samuel Ullmann _____ 5,981.30

The petitioners assert that payments made to them as surviving members of a partnership pursuant to awards of the Mixed Claims Commission, United States and Germany (hereinafter referred to as the Commission), were not taxable income, but were gifts made to them by Germany, and, in the alternative, that the payments constituted a return of capital from which no taxable income can arise until their capital has been made whole. They further contend that since the firm in 1918 kept its books on an accrual basis, their rights against Germany should have been accrued as of that year or at least as of 1923, when their claim was allowed.

Respondent in his amended answer alleges that he erred in allowing as a deduction from gross income attorney fees paid in 1928 in a sum in excess of such proportionate part of the attorney fees paid as the sum of payments made on account of awards of the Commission to be included in gross income for 1928 bears to the total sum of the payments so made in that year. He admitted that he had erred in including in the gross income of each of the petitioners on account of awards of the Commission sums in excess of the following amounts:

| | |
|---|---|
| Emanuel Solomon Ullmann | $11, 783. 11 |
| Joseph Ullmann, Jr | 20, 620. 45 |
| Estate of Samuel Ullmann | 11, 783. 11 |

These proceedings were submitted on a stipulation of facts from which we make a condensed statement. In January 1912 Charles Ullmann, Emanuel Solomon Ullmann, Joseph Ullmann, Jr., and Samuel Ullmann, all American citizens, formed a copartnership and in 1918 were, as partners, the owners of various assets in Leipzig, Germany, which cost them $237,000. Their partnership interests were: Charles Ullmann, Samuel Ullmann, and Emanuel Solomon Ullmann 26⅔ percent each, and Joseph Ullmann, Jr., 20 percent. The firm was dissolved in January 1918. On April 9, 1918, when a state of war existed between the United States and Germany, the said assets were seized by the German Government. None of the petitioners took any deduction in his return for 1918 by reason of the loss of such assets and the partnership continued to carry the same upon its books. After the termination of the war the petitioners, as surviving partners, filed a claim against the German Government with the Commission and an award was made by the Commission in their favor in 1923 in the principal sum of $237,000. with interest thereon at 5 percent from October 1, 1920.

Charles Ullmann died July 24, 1921, and by his will bequeathed his estate to his widow, including his interest in the property seized by the German Government. In August 1924 his widow made a gift of the interest of Charles Ullmann in the seized assets to Joseph Ullmann, Jr.

In 1928 and 1929 the petitioners received payments on account of the award of the Commission as follows:

| Date received | Samuel Ullmann | Jos. Ullmann, Jr. | Emanuel S. Ullmann |
|---|---|---|---|
| August 15, 1928 | $26, 533. 33 | $46, 433. 34 | $26, 533. 33 |
| August 22, 1928 | 17, 745. 77 | 31, 055. 11 | 17, 745. 77 |
| January 23, 1929 | 4, 140. 68 | 7, 246. 19 | 4, 140. 68 |
| July 29, 1929 | 2, 608. 63 | 4, 565. 10 | 2, 608. 62 |
| December 16, 1929 | 3, 119. 17 | 5, 458. 55 | 3, 119. 18 |

The payment made on each of the five dates was accompanied by a letter of the Treasury Department. The letter of August 15 is as follows:

There is inclosed herewith checks drawn on the Treasurer of the United States against the German Special Deposit account as part payment on account of award of the Mixed Claims Commission, United States and Germany, in accordance with the provisions of paragraph (4) of Section (b) of the Settlement of War Claims Act of 1928, and your application for the payment.

The amount due under the award is as follows:

|  | Principal account | Interest account |
|---|---|---|
| Principal of award | $237,000.00 | |
| Interest from Oct. 1, 1920 to Jan. 1, 1928, at 5 per cent per annum 7 years 92 days (365 day basis) | | $85,936.85 |
| Total due as of Jan. 1, 1928 | $322,936.85 | |
| Interest on this amount from Jan. 1, 1928, to August 15, 1928 at 5 per cent per annum — years 227 days, (366 day basis) | | 10,014.57 |
| Payment as of August 15, 1928 ___ $99,500.00 | | |
| Deduction of ½ of 1% ___ 500.00 | | |
| Total payment | 100,000.00 | |
| Balance due as of August 15, 1928 | $222,936.85 | $10,014.57 |

| Check No. | Name | Amt. Check | Exp. | Total |
|---|---|---|---|---|
| 2945 | Samuel Ullmann | $26,533.33 | $133.33 | $26,666.66 |
| 2946 | Emanuel S. Ullmann | 26,533.33 | 133.33 | 26,666.66 |
| 2947 | Joseph Ullmann, Jr | 46,433.34 | 233.34 | 46,666.68 |
| | | $99,500.00 | $500.00 | $100,000.00 |

Thereafter all payments were deducted solely from the "principal account," but there was added to the "interest account" interest on the balances of the "principal account." The result of this method of payment was that on December 16, 1929, the "principal account" had fallen to $118,863.02 while the "interest account" had risen to $19,615.04. Samuel Ullmann died January 11, 1930, and Joseph Ullmann, Jr., and Theresa Ullmann are his duly qualified executors.

The partnership paid attorney fees to the firm of attorneys who prosecuted their claim before the Commission as follows: March 12, 1920, $5,164.50; March 2, 1928, $13,947.31. It charged these amounts on its books to the respective petitioners. The partnership kept its books of account on the accrual basis and the petitioners kept their books of account on the cash receipts and disbursements basis.

We are met at the threshold with the contention that no part of the payments received by the petitioners on awards of the Commis-

sion constitutes income, since, as contended, they were gifts from Germany. The argument runs in this wise: A voluntary payment made under no legally enforceable obligation is a gift; Germany, as a belligerent, had the right to sequester the property of the petitioners; this left petitioners without right to demand return or compensation for its seizure at least until the declaration of peace and what might come back would be secured not as a matter of right, but as a matter of grace or exaction by the victor.

It would startle the German people if they were informed that the payments they have been compelled to make to their former enemies, as the result of a disastrous war and at such sacrifice to themselves, were nothing more or less than gifts from one people to another. In making this contention counsel overlooks the realities of the case—the Great War, the Armistice, the Treaty of Berlin, which incorporated a part of the Treaty of Versailles, the Settlement of War Claims Act, and the Commission which made the awards here involved. In Administrative Decision No. 111 of the Commission it is said:

The provisions of the Armistice require "Reparation for damage done." Throughout the Treaty of Berlin the provisions fixing Germany's pecuniary liabilities express the measure of her obligation in terms of "compensation" or "reparation." As pointed out by this Commission in that part of its opinion in The Lusitania Cases dealing with exemplary damages, pages 28–31, while there is no warrant in the Treaty of Berlin for the assessment of any penalty against Germany she is obligated (save where limited by the Treaty terms) to make full, adequate, and complete compensation or reparation for all losses sustained by American nationals falling within its terms. The ascertainment of the amount of such compensation is a judicial function—the task of this Commission.

It is a far cry from an award of compensation or reparation for losses sustained, to the making of gifts, the latter not being a function of a judicial tribunal. We can find no element of gratuity in these payments. As said in Phelps v. McDonald, 99 U.S. 298, relative to a similar award by a mixed commission of the United States and Great Britain:

There is no element of a donation in the payment ultimately made in such cases. Nations, no more than individuals, make gifts of money to foreign strangers. * * *

See also Comegys v. Vasse, 1 Pet. 193; Williams v. Heard, 140 U.S. 529; Forsyth v. Reynolds, 15 How. 357; In re Westbrook's Estate, 240 N.Y.S. 301.

While it is true that Germany under the laws of war had the right to sequester the property of American citizens (United States v. White Dental Mfg. Co., 274 U.S. 398), it is equally true that under the treaties the United States had the right to recover for such

losses, and such recovery when received by a taxpayer is income to the same extent as any other recovery of compensation or reparation might be income.

In his deficiency notice the respondent included in the gross income of each petitioner the gross amounts received by him on the award. He now confesses error in that he has included in gross income a part of the cost basis, $237,000, but contends that he has the right to include in income that part of the interest which he asserts the petitioners received with each payment. This apportionment he made under G.C.M. 9210, C.B. X-1, p. 129. In *James Speyer*, 30 B.T.A. 517, we had occasion to pass on this question. In that proceeding, as in this, the Secretary of the Treasury paid in 1928 amounts which were less than the cost basis. We see no necessity for reviewing again the facts and history pertaining to the claims of American nationals against Germany. These are of public, even international, notoriety. They pertain not to the individual claims—these were settled by the Commission—but to the ability of Germany to pay and the present prospect of that Government paying the claims. Here, as there, we hold that there is not only a lack of certainty of future payments, but that it is highly probable the petitioners will never receive a substantial part of what is due them and therefore they are entitled to recover their cost before being called upon to pay income tax on sums received under the award.

This conclusion disposes of petitioners' contentions that the amounts received should have been accrued as of 1918 when the property was seized or in 1923, when their claim was allowed by the Commission, for to accrue payments which probably never will be received would distort income. *Great Northern Ry. Co.*, 8 B.T.A. 225; *Sowers Mfg. Co.*, 16 B.T.A. 268; *Oregon Terminals Co.*, 29 B.T.A. 1332. See also G.C.M. 9466, C.B. X-1, p. 133.

Lastly, respondent asserts that he erred in allowing a deduction of a certain part of the fees paid by the petitioners to their attorneys for their services before the Commission. This is denied on the authority of *James Speyer, supra*, and also for the reason that we do not know the amount of the fees respondent permitted to be deducted.

*Judgment will be entered under Rule 50.*