ESTATE OF ADOLF KUTTROFF, DECEASED, IRVING TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85336. Filed September 12, 1962.

*William O. Robertson, Esq.*, for the petitioner.
*Hyman Maron, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies in income tax of $375.67 for 1955 and $307.52 for 1956. The only issue for decision is whether distributions received by the petitioner in each year from the German Special Deposit Account as partial payments on awards of the Mixed Claims Commission were taxable as interest or were a return of capital.

The parties have presented the facts by a stipulation. The returns for the tax years were filed with the director of internal revenue for the Lower Manhattan District of New York.

The petitioner received payments during each tax year upon two awards made by the Mixed Claims Commission, United States and Germany, one called herein the Kuttroff award and the other called herein the copartnership award. Both parties proceed upon the theory that a part of the total amount receivable under each award represents the tax basis of the property covered by the award, which is recoverable tax free before further payments can be regarded as taxable interest. Cf. *Emanuel Solomon Ullman*, 30 B.T.A. 764, affd. 77 F. 2d 827, certiorari denied 296 U.S. 631. They disagree over the basis. The Commissioner, in making his determination of the deficiencies, recognized as basis only the dollar amount of the principal award, which represented the recognized debt in marks as translated into dollars in the award. He did not include in basis any part of the interest awarded. The parties have stipulated that the payments received prior to the tax years exceeded the dollar amount of each principal award and the Commissioner has held that the entire payments received on each award in the tax years represent taxable interest. The petitioner contends that the basis should include certain interest involved in each award and, further, that the Kuttroff debt in marks represents a basis of $756,779.20 when properly translated into dollars.

The facts relating to the copartnership award are not distinguishable in principle from those in the case of *Edna S. Ullman*, 34 T.C. 1107, and, following that case, the share of the copartnership payments received by the petitioner during the tax years is held to be taxable interest as determined by the Commissioner.

The principal amount awarded on November 8, 1926, to the copartnership, in which Kuttroff had a 66.523-percent interest, was

$134,587.13 and also awarded was interest thereon at the rate of 5 percent per annum from January 1, 1920, to the date of payment. This was based upon a debt of 730,064.73 marks as of April 6, 1917, and that debt translated into dollars at the rate of 16 cents per mark is $134,587.13. The award was certified to the Secretary of the Treasury for payment. Interest on the award at 5 percent from January 1, 1920, to January 1, 1928, in the amount of $53,834.85 was added to the award. More than $134,587.13 but less than that amount plus $53,834.85 had been paid upon the award prior to the tax years. The Commissioner has held that the payments received in the tax years were interest since all of the principal of the award had been recovered in prior years. The petitioner contends that the $53,834.85 of accrued interest added afterwards is a part of the basis to be recovered tax free. This very point was decided, upon similar facts, in favor of the Commissioner in *Edna S. Ullman, supra* at 1110 and 1111, and the same conclusion is here reached.

The situation in respect to the Kuttroff award differs only as to the translation of the debt from marks into dollars and the possible effect of that problem upon the ultimate result to be reached in this proceeding. The Commission on February 11, 1928, made the Kuttroff award in which, *inter alia*, it adjudicated a debt in the amount of 4,729,870.01 marks as of April 6, 1917, including appropriate debits and credits between that date and July 2, 1921, was due from a German corporation to Kuttroff and decreed that the Government of Germany was obligated to pay to the Government of the United States on behalf of Kuttroff a principal amount $150,000 with 5-percent annual interest thereon from January 1, 1920, to the date of payment. That award was certified to the Secretary of the Treasury for payment and interest from January 1, 1920, to January 1, 1928, in the amount of $60,000 was added to the award. More than $150,000 but less than $210,000 had been received on the award prior to the tax years. The Commissioner held that all payments received during the tax years were taxable as interest.

The petitioner argues that its basis on this award was at least $210,000 and actually was $756,779.20 because the adjudicated debt of 4,729,870.01 marks translated into dollars at 16 cents per mark is $756,779.20. The Commissioner contends that "the award is a compromise settlement and also reflects the actual value of the mark (approximate—two cents) when most of the debt arose." Claimants were required to show that the amount due them arose out of prewar transactions entered into before April 6, 1917, and that the debt matured prior to July 2, 1921. The exchange rate of 16 cents was authorized to translate mark debts into dollars but in case of compromise settlements between the agents the award could be made in the amount they recommended. The petitioner has the burden of

proof and it has not shown how the debt arose, that any amount in excess of that used by the Commissioner was a proper basis, or what rate or rates of exchange would be proper to translate the debt into dollars for the purpose of the award. This failure of proof is sufficient justification for affirmance of the determination of the Commissioner, following *Edna S. Ullman, supra.*

The last two paragraphs of the stipulation are as follows:

21. That annexed hereto and marked Exhibit 15–0 are copies of documents in the official custody of the Archivist of the United States "relating to the claim of Adolf Kuttroff, Mixed Claims Commission, United States and Germany, List No. 5575," and attached certificate (dated March 28, 1962) bearing the seal of the National Archives. The pages of said Exhibit 15–0 (excluding the certificate of authenticity) have been numbered (1 through 174) for easy reference to the documents in said exhibit.

22. The petitioner does not admit as facts the contents of Exhibit 15–0 and objects to the receipt of Exhibit 15–0 in evidence on the ground that said Exhibit and the contents thereof are incompetent, irrelevant and immaterial.

This Exhibit 15–0 is a record of proceedings leading to the award and shows how and why the debt of 4,729,870.01 marks resulted in an award of $150,000. The Commissioner contends that it is admissible in evidence and fully supports the use of the $150,000 basis. The exhibit indicates that the debt arose, at least in large part, from commissions or a share of earnings owed by a German corporation to Kuttroff as of April 6, 1917, increased by additional commissions credited to the account during the years 1919, 1920, and the first half of 1921; a number of conferences were held; the German agent had contended that most of the debt had not arisen from prewar transactions but rather during postwar years and this portion of the debt should be translated into dollars not at the April 1917 rate of 16 cents but at the later much more depreciated currency rates (2.06 cents for 1919, 1.33 cents for 1920, and 1.34 cents for 1921); the German agent finally agreed with the American agent on an award of $150,000 based upon the evidence produced; the amount agreed upon was a compromise settlement of the claim.

It is not necessary to decide whether Exhibit 15–0 should be admitted in evidence since it merely strengthens the Commissioner's case and even without it the petitioner must lose for failure of proof that its dollar basis on the property supporting the award exceeded $150,000, the amount allowable under *Edna S. Ullman, supra.* Counsel for the petitioner stated that he raised no objection to the authenticity of the documents making up Exhibit 15–0 but objected only on the ground that it is incompetent, irrelevant, and immaterial. If it is necessary to support the determination of the Commissioner, then the Court regards it as admissible.

*Decision will be entered for the respondent.*